KREBS *v.* SENIG.[1]

CHANCERY DECREE—JURISDICTION.
> A decree is not void for want of jurisdiction because the judge
> had previously filed an opinion stating that the testimony
> was conflicting, and not clear, and that the decree would
> remain open for further hearing upon matters to happen after
> the filing of the opinion, though there was no subsequent
> hearing.

Appeal from Wayne; Donovan, J. Submitted February 20, 1903. (Docket No. 116.) Decided March 5, 1903.

Bill by Charles Krebs against Sophia Senig to set aside a deed. From a decree for complainant, defendant appeals. Affirmed.

*M. B. Breitenbach*, for complainant.

*William E. Walsh* (*George Gartner*, of counsel), for defendant.

GRANT, J. The bill in this case was filed to set aside a deed made by the complainant to the defendant, his daughter, the consideration being his future support by her. The merits of the case are not before us, no evidence being returned. The defendant has appealed from the decree rendered against her, setting aside the deed, upon the ground that the court had no jurisdiction to render it.

After the proofs had been closed and the case submitted, the circuit judge, on February 10, 1902, filed an opinion in the case, stating that the testimony was conflicting, and not very clear, and "there is a defect in the support, which could be 'remedied,'" and specified what the defect was. He then stated that the complainant had had difficulty in living with another son-in-law; that he was not entirely

---

[1] Rehearing denied April 10, 1903.

without fault; and that "the decree will remain open in this case, and subject to further hearing and revision, and, if it shall turn out within 90 days or half a year that the old gentleman is misused, or hindered in his pursuit of happiness, without any fault of his own, then the matter will be further considered, and, unless he can be well used, the conveyance will be set aside."

On March 19th complainant filed a petition that the court proceed to grant him a decree. Notice of this petition and hearing thereon on March 24th was served upon the defendant's solicitor. The court could not attend to the case on that day, and no further notice was served. No answer was made to the petition. On June 12th following, a final decree, without further proofs, was entered, setting the deed aside. It is urged that the court, under these circumstances, had no jurisdiction to enter the decree.

While the proceeding was irregular, we think that the effect of the action of the court was simply to defer rendering a decree, hoping that the parties might arrange matters between them. The effect was none other or different than it would have been had he simply taken the case under advisement. No decree was actually rendered until June 12th. The decree was not inconsistent with the opinion filed, and was based upon the evidence taken before the case was submitted.

We think the court had jurisdiction to enter the decree, and it is affirmed, with costs.

The other Justices concurred.